United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 14-17572-ref
Joseph T. Mayer                                                         Chapter 13
       Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-4          User: dlv              Page 1 of 1           Date Rcvd: Jul 11, 2016
                              Form ID: pdf900        Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 13, 2016.
db          +Joseph T. Mayer,    3913 Hollo Road,    Easton, PA 18045-8306
cr           Carbon County Tax Claim Bureau,    Court House Annex,    P.O. Box 37,
              Jim Thorpe, PA  18229-0037
r           +Darla Kravetz,   Corner Post Realty,    5660 Interchange Road,    Lehighton, PA 18235-5114

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

        ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr           Federal National Mortgage Association("Fannie Mae"
                                                                                     TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 13, 2016                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 11, 2016 at the address(es) listed below:
      CARMON M. HARVEY    on behalf of Creditor    Premier Capital, LLC Carmon.Harvey@leclairryan.com,
               charmaine.butler@leclairryan.com
      CHRISTOS A. KATSAOUNIS    on behalf of Creditor    Commonwealth of Pennsylvania, Department of
               Revenue RA-occbankruptcy5@state.pa.us,    RA-occbankruptcy6@state.pa.us
      FREDERICK L. REIGLE    ecfmail@fredreiglech13.com,    ecf_frpa@trustee13.com
      JOSEPH RICHARD BARANKO, JR    on behalf of Creditor    Carbon County Tax Claim Bureau
               josephb@slusserlawfirm.com
      JOSHUA ISAAC GOLDMAN    on behalf of Creditor    Seterus, Inc. Et al... bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
      LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
      SHAWN J. LAU    on behalf of Debtor Joseph T. Mayer shawn_lau@msn.com
      United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                              TOTAL: 8

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:    JOSEPH THOMAS MAYER, :    CHAPTER 13
:
               DEBTOR         :    BANKRUPTCY NO. 14-17572

## CONSENT ORDER AND STIPULATION

AND NOW, this _____ day of June, 2016, Joseph Thomas Mayer and Premier Capital, LLC, assignee of National Penn Bank, by and through their respective counsel, hereby stipulate and agree as follows:

1. **Premier.** Premier Capital, LLC, is a Delaware limited liability company with an address of 226 Lowell Street, Wilmington, Massachusetts 01887 ("Premier").

2. **Debtor.** Joseph Thomas Mayer is an adult individual currently residing at 3913 Hollo Road, Easton, Pennsylvania 18045 ("Debtor").

3. **Bankruptcy Petition.** The Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on September 19, 2014 ("Bankruptcy Petition").

4. **Motion for Relief.** Premier filed a Motion for Relief from Automatic Stay to Exercise State Court Remedies Against Real Estate located at 3913 Hollo Road, Lower Nazareth Township, Easton, Pennsylvania 18045 on December 11, 2015 ("Motion"), to which the Debtor filed an Answer on December 23, 2015.

1

5. **Stipulation.** To avoid the uncertainty and expense of litigating the matters raised in the Motion, Premier and the Debtor have agreed to enter into this Stipulation. All capitalized terms used herein without definition will have the meanings ascribed to them in the Motion.

6. **Representations and Warranties of Debtor.** The Debtor represents and warrants to Premier as follows:

    a.    The Debtor is obligated to Premier under a Note secured by a Mortgage on real property located at 3913 Hollo Road, Lower Nazareth Township, Easton, Pennsylvania 18045 ("Real Estate"), as more fully set forth in Debtor's Bankruptcy Schedule D;

    b.    At the time of the filing of the Bankruptcy Petition, the Debtor was delinquent on his payments due under the terms of the Mortgage in the amount of $56,676.95, and these amounts included attorney's fees for Hartman Shurr in the amount of $13,971.62.

    c.    The total amount owed to Premier under the Note is accurately set forth as follows and is not subject to any monetary set-off or recoupment by the Debtor:

| | |
|---|---|
| Principal: | $ 46,656.44 |
| Interest and Late Fees to May 27, 2016: | $ 22,798.39 |
| Legal Costs and Fees: | $ 22,147.62 |
| Total Due on Note | $ 91,602.45[1] |

---

[1] For purposes of this Consent Order and Stipulation and provided that Debtor does not default hereunder, Premier agrees to accept $22,147.62 as the amount of post-petition attorney's fees and costs ("Discounted Attorneys' Fees and Costs") that are required to be paid under the terms of this Consent Order and Stipulation. This includes $13,971.62 for Hartman Shurr and $8,176.00 for LeClairRyan. However, in the event that Debtor defaults hereunder, the total amount due to Premier for post-petition attorney's fees and costs shall be $29,497.68 and this amount includes, in addition to the amount previously stated for Hartman Shurr, attorneys' fees and costs for LeClairRyan of $15,630.74.

2

d.  The Note and Mortgage, together with all documents, agreements, and instruments executed and delivered by the Debtor to National Penn Bank in connection therewith (collectively, the "Loan Documents"), are valid, fully binding, and effective, according to their terms;

e.  The assignment of the Loan Documents to Premier by the Bank on or about June 11, 2009, ("Assignment") is valid, fully binding, and effective according to its terms;

f.  Debtor was given timely notice of the Assignment;

g.  Premier has a valid and perfected first mortgage lien on the Real Estate;

h.  Debtor shall pay Premier the sum of $1,008.34 with the execution of this stipulation;

i.  All sums and amounts due on the Note shall continue to accrue interest at the rate of 8.75 % per annum while the Debtor's Chapter 13 case is pending and until the Note is paid in full; and

j.  This Stipulation has been negotiated in good faith and the Debtor has been, or has had the opportunity to be, advised by independent counsel, of his selection, of the import of this Stipulation.

7.  Covenants of Debtor. The Debtor covenants and agrees as follows:

a.  The Debtor's Chapter 13 Plan ("Plan") shall be confirmed in a form acceptable to Premier, which includes the Debtor filing his Fifth Amended Chapter 13 Plan within fifteen (15) business days after Premier files its amended proof of claim; failure to get the Fifth Amended Plan confirmed within ninety (90) days after it is filed would be a default of this

3

covenant, unless unforeseen circumstances require a reasonable extension to address issues raised by the Chapter 13 Trustee and get said plan confirmed, and consent to such extension would not be unreasonably withheld by Premier provided that there is no harm to Premier and Debtor is current on all payments required to be made by the terms of this Order.

    b.  The Debtor hereby waives, releases, and forever discharges Premier, and its respective officers, directors, shareholders, affiliates, subsidiaries, agents, attorneys, successors, assigns and predecessors in interest (the "Premier Releasees") from any and all causes of action (which includes causes of action against Premier arising out of Premier's, or its predecessor's action or inaction with respect to the Debtor under the Loan Documents), claims for relief, lawsuits, charges, complaints, debts, liens, contracts, agreements, promises, liabilities demands, damages, losses, rights, benefits, obligations, attorneys' fees, costs or expenses of any kind or nature whatsoever, in law, equity or otherwise which the Debtor had or has against the Premier Releasees. The Debtor understands and acknowledges that the release set forth in this paragraph is valid and binding notwithstanding the Debtor's failure to comply with any other provision of this Stipulation. The Debtor further understands and acknowledges that the release set forth in this paragraph includes, without limitation, the waiver of all defenses, counterclaims and setoffs related to the Note or any provisions contained in the Loan Documents;

    c.  Commencing May 20, 2016, and continuing on the 20th day of each consecutive month thereafter, the Debtor shall make a regular monthly payment of principal and interest on the Note in the amount of $504.17 to Premier at 226 Lowell Street, Wilmington, Massachusetts 01887. The Debtor will forward the May 20, 2016 payment upon the execution of this stipulation. While these monthly payments are being made, interest will continue to accrue on the Note at the rate of 8.75% per annum. A total of sixty (60) monthly payments of $504.17 are required to be made under the terms of this Order and the Debtor's Plan;

4

d. Since there will be a balance owed after payments are made pursuant to Paragraph 7c above, commencing May 20, 2021, and continuing on the 20th day of each consecutive month thereafter, the Debtor shall make a regular monthly payment of principal and interest on the Note in the amount of $574.00 to Premier at 226 Lowell Street, Wilmington, Massachusetts 01887. While these payments are being made, interest will continue to accrue on all sums and amounts due on the Note at the rate of 8.75% per annum. A total of 34 monthly payments of $574.00 are expected to be made. The monthly payment amount of $574.00 is subject to change and is dependent on the timing of each payment made pursuant to this Stipulation;

e. Post-petition mortgage payments due to Premier in the amount of $7,970.89 plus attorney fees in the amount of $8,176.00 for a total of $16,146.89 plus the pre-petition mortgage arrearage due to Premier in the amount of $56,676.95 for a grand total of $72,823.84 will be provided for and paid to Premier throughout the term of the Debtor's Confirmed Chapter 13 Plan. Pursuant to the Fifth Amended Plan the payments to be paid by the Debtor on a monthly basis would be at least sufficient to allow a payment to be distributed to Premier from the Chapter 13 Trustee on a monthly basis in a monthly payment amount of $1,213.74. Premier will file an amended proof of claim for the arrearage amounts set forth in this paragraph. The Debtor shall file his Fifth Amended Chapter 13 Plan within fifteen (15) business days after Premier files its amended proof of claim.

f. The Debtor shall keep and maintain insurance coverage on the Real Estate in an amount sufficient to fully protect Premier's interests in said property and naming Premier as a mortgagee and loss payee. Proof of said insurance coverage shall be provided to Premier on an annual basis at the time of renewal of the policy and shall be acceptable to Premier in all

5

respects, including, but not limited to, the terms, amount, deductibles, and other conditions, and the Debtor shall also provide evidence of said insurance coverage to Premier at any other time it is requested.

    8.    <u>Default.</u> The occurrence of any of the following events shall constitute an event of default hereunder ("Event of Default"):

        a.    The Debtor shall fail to keep, observe, or perform any of his agreements, obligations, or undertakings under this Consent Order and Stipulation, the Note, Mortgage, or Loan Documents;

        b.    The Debtor's Chapter 13 case is converted to a case under Chapter 7 of the Bankruptcy Code;

        c.    The Debtor fails to file his Fifth Amended Chapter 13 Plan within fifteen (15) business days after Premier files its Amended Proof of Claim;

        d.    The plan is not confirmed by the Court within ninety (90) days from the filing of the Debtor's Fifth Amended Plan, unless unforeseen circumstances require Debtor to request a reasonable extension of this deadline to address issues raised by the Chapter 13 Trustee to get said plan confirmed, and consent to such extension would not be unreasonably withheld by Premier provided that there is no harm to Premier and Debtor is current on all payments required to be made by the terms of this Order;

        e.    The Debtor fails to prove unforeseen circumstances and no harm to Premier at the time he requests an extension of the ninety (90) day confirmation deadline set forth in this Order;

6

f.  The Debtor fails to make any monthly payment due to the Chapter 13 Trustee under the terms of the Plan, or any amendment or modification thereof;

g.  The Debtor fails to abide by a Bankruptcy Court Order or otherwise fails to comply with his obligations under the Bankruptcy Code; or

h.  The Debtor fails to make any payment to Premier required by the terms of this Consent Order and Stipulation.

i.  Remedies. Upon the occurrence of an Event of Default hereunder, including among other things, non-payment, uncured non-monetary defaults, failure to adhere to the Plan, failure to file Debtor's Fifth Amended Chapter 13 Plan within fifteen (15) business days after Premier files its Amended Proof of Claim, failure to get the Fifth Amended Plan confirmed within ninety (90) days after it is filed, unless unforeseen circumstances require a reasonable extension to get said plan confirmed to address issues raised by the Chapter 13 Trustee, and consent to such extension would not be unreasonably withheld by Premier provided that there is no harm to Premier and Debtor is current on all payments required to be made to Premier by the terms of this Order, failure to prove unforeseen circumstances and no harm to Premier at the time Debtor requests an extension of the ninety (90) day confirmation deadline set forth in this Order; would be a default of this covenant and following seven (7) days' written notice and opportunity to cure sent to Debtor via first class mail and Debtor's attorney via facsimile at (610) 370-0700, Premier may file a Certificate of Default with the Bankruptcy Court whereupon the Bankruptcy Court shall enter an Order, substantially in the form of the Order attached to this Stipulation, granting Premier relief from the automatic stay. The written notice of default shall be sent to both the Debtor and his counsel. Notwithstanding the foregoing,

7

Debtor shall be entitled to seven (7) days' written notice and opportunity to cure no more than two (2) times after the entry of this Order.

9. <u>Additional Remedies.</u> Except as otherwise expressly set forth herein, nothing in this Stipulation shall prohibit the parties hereto from protecting and enforcing their rights and remedies under the Bankruptcy Code.

10. <u>Survival.</u> The Debtor's representations and warranties, acknowledgements and waivers set forth in this Stipulation shall survive any dismissal or other termination of this bankruptcy case and shall be binding upon any Chapter 7 trustee appointed in this case.

11. <u>Service of Stipulation.</u> The Debtor shall serve a copy of this Stipulation and Consent Order upon any required parties.

13. <u>Binding Effect.</u> The terms of this Stipulation and Consent Order shall be binding upon the Debtor pending approval by the Chapter 13 Trustee and the Bankruptcy Court.

14. <u>Counterparts.</u> This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original (including facsimile signatures); and all such counterparts together shall be deemed to be one and the same instrument.

IN WITNESS WHEREOF, the undersigned have caused this Stipulation and Consent Order to be executed on the dates set forth above.

LECLAIR RYAN, A Professional Corporation

By: _/s/ Carmon M. Harvey_

Carmon M. Harvey, Esquire

8

Counsel for Premier Capital, LLC

LAU & ASSOCIATES, P.C.

By: _____

Shawn J. Lau, Esquire
Counsel for the Debtor

CONSENTED AND AGREED TO:

CHAPTER 13 TRUSTEE

By: _____
Frederick L. Reigle, Esquire    7/6/16

AND NOW, this **11** day of **July** 2016 this Stipulation and Consent Order is hereby approved and entered as an Order by the Bankruptcy Court.

_____
Richard E. Fehling
United States Bankruptcy Judge

9