IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE:<br>JOSEPH T. MAYER<br>AKA JOSEPH MAYER<br><br>DEBTOR | BANKRUPTCY NO. 14-17572<br><br>CHAPTER 13 |
|---|---|

## ORDER TO SELL REAL ESTATE LOCATED AT LOT A3 LONG RUN ROAD, LEHIGHTON, CARBON COUNTY, PENNSYLVANIA, FREE AND CLEAR OF LIENS AND ENCUMBRANCES AND TO PERMIT DISTRIBUTION OF SALE PROCEEDS

AND NOW, upon consideration of the Debtor's Motion to Sell Real Estate Free and Clear of Liens and Encumbrances, and to Permit Distribution of Sale Proceeds ("Motion"), and after notice and opportunity for hearing,

IT IS HEREBY ORDERED that the Debtor has satisfied this Court that the proposed sale is to a good faith purchaser for a fair and reasonable consideration that is in the best interest of the bankruptcy estate and that the Debtor is therefore authorized to sell, free and clear of all liens and encumbrances, the real property owned by the Debtor located at Lot A3 Long Run Road, Lehighton, Carbon County, Pennsylvania to Scott Elmer Highland and Candace Joan Highland for the sum of $62,000.00 in accordance with terms and conditions as follows:

    a. The sale price is 62,000.00 to be paid by the buyers, Scott Elmer Highland and Candace Joan Highland.

    b. Distribution is to be as follows and this order of distribution:

        i. All real estate taxes and other obligations owed by the Movant that are a lien on the Premises pursuant to the law of the Commonwealth of Pennsylvania or any of its political subdivisions or agencies; **(Carbon County Tax Bureau estimated in the amount of $16,000.00; Portnoff Law Associates estimated in the amount of $4,859.05; and Local Tax Collector estimated in the amount of $327.33).**

        ii. The usual and customary costs of settlement paid by sellers pertaining to the transfer of residential real estate in Carbon County, Pennsylvania, including but not limited the realty transfer tax, if any;

        iii. The Broker's commission of 6.0% of the Purchase Price which represents a 50-50 split between the Seller's Broker agent and the Buyer's Broker agent;

    iv. The amount of $1,500.00 to be held by the title agency to pay Debtor's Counsel legal fees subject to Bankruptcy Court Approval;

    v. The Debtor, Joseph T. Mayer pursuant to exemption d(5).

    vi. iii. Any Chapter 13 Trustees commissions due and owing;

    vii. Any remaining non-exempt equity if any goes to the Trustee to pay all administrative priority creditors

    vii. And if any remaining proceeds to general unsecured creditors.

  c. Debtor's counsel hereby certifies that all secured creditors with liens on this real estate have either consented or are being paid in full from the sale.

  IT IS FURTHER ORDERED that the distribution as proposed in the Motion is hereby approved including the amount of $1,500.00 to be held by the title agency to pay Debtor's counsel's legal fees subject to Bankruptcy Court approval in conformity with in <u>In re Meade Land and Development</u>, 527 F.2d 280.

  IT IS FURTHER ORDERED that the Debtor provide the Chapter 13 Trustee with the HUD1 within ten (10) days of the closing.

5/4/17

BY THE COURT:

_____
Richard E. Fehling
United States Bankruptcy Judge

Copies to:

Shawn J. Lau, Esquire
4228 St. Lawrence Avenue
Reading, PA 19606

Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107

Chapter 13 Trustee
Frederick Reigle, Esq.

2901 St. Lawrence Avenue
Reading, PA 19606

Corner Post Realty
Attn: Darla Kravetz
5660 Interchange Road
Lehighton, PA 18235